IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, _____/ | CASE NO. 05-1699 CRB<br><br>MDL No. 1699 CRB<br><br>**ORDER RE: MOTIONS TO VACATE JUDGMENT** |

*This document relates to:*

Betty Zito, et al., 06-2619 CRB
Pauline Jackson, et al., 06-2691 CRB
_____/

On October 27, 2006, the Court entered an order granting defendants' motions to dismiss the above cases because of plaintiffs' undisputed failure to comply with Pretrial Order No. 6. Now pending before the Court is the motion of all of the plaintiffs in the above cases to vacate the Court's October 27, 2006 dismissal of their claims with prejudice. Plaintiffs contend that the dismissals should be vacated due to "excusable neglect." Fed. R. Civ. P. 60(b)(1).

Plaintiffs explain that although their actions were filed shortly after Hurricane Katrina, the disruption caused by the hurricane to plaintiffs' counsel's now-defunct New Orleans practice caused counsel's Cleveland office not to learn that plaintiffs' claims against Pfizer had been severed from their claims against Merck; therefore counsel were not aware of the requirements of PTO 6. The lawyers handling the matters from the temporary New Orleans office all left the law firm in 2005 and early 2006.

1      Plaintiffs' motion is continued to give plaintiffs the opportunity to file a motion that is
2 supported by a declaration and explains their delay in bringing their Rule 60(b) motion.
3      First, plaintiffs offer no evidence in support of their explanation for their failure to
4 comply with PTO 6. Statements in a brief are not a substitute for statements made in a
5 declaration under oath.
6      Second, the docket reflects that plaintiffs' counsel's Cleveland office was aware that
7 these cases had been transferred to the Celebrex/Pfizer MDL on October 27, 2006 *at the*
8 *latest*. On that date, plaintiffs' counsel filed oppositions to Pfizer's motions to dismiss
9 plaintiffs' claims. See 06-2619 CRB Docket no.10; 06-2691 CRB Docket no. 12. The
10 oppositions, however, were filed after the Court had already ruled on Pfizer's motions. As
11 the rulings were filed electronically, and as plaintiffs' counsel from the Cleveland office had
12 registered on ECF as required (and had filed the oppositions electronically), plaintiffs'
13 counsel was aware of the Court's ruling in October 2006. No where in plaintiffs' motion do
14 they explain why they delayed nearly 11 months to file the motions to vacate the dismissals.
15 See Fed. R. Civ. P. 60(b) (the motion for relief from judgment shall be made "within a
16 reasonable time"). Nor do they explain when and how the Cleveland office learned of these
17 actions and why they did not file a timely opposition to Pfizer's motions to dismiss.
18     In sum, plaintiffs' Rule 60(b) motion is wholly inadequate. If plaintiffs wish to
19 supplement the motion with admissible evidence they shall do so on or before November 9,
20 2007. If they do not supplement by that date, the Court will deny their motions.
21     **IT IS SO ORDERED.**

Dated: October 30, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\1699\ordersmisc\orderreZito.wpd                2